### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JOSE ALMONACID, et al.,   )
                          )
        Plaintiffs,       )
                          )
v.                        )   Case No.  11-1224-MLB-KGG
                          )
CESSNA AIRCRAFT COMPANY   )
and GOODRICH CORPORATION, )
                          )
        Defendants.       )
_____)

### ORDER GRANTING MOTION
### TO SET DEPOSITION CONDITIONS

This matter is before the Court on the Motion to Set Deposition Conditions filed by Defendant Cessna Aircraft Company.  (Doc. 25.)[1]  The issue before the Court is whether the nine Plaintiffs, all of whom live in southern Chile, must present themselves in this District for their depositions.

Plaintiffs are people of very limited means, and the cost of travel to Kansas for deposition is estimated to cost $2,000.00 each.  Plaintiffs argue that they should be permitted to meet defense counsel in Santiago, Chile, for depositions or that

---

[1] This issue is presented in this form for the Court's resolution as a result of discussions by the Court and counsel during the Scheduling Conference.  No special burden is imposed on the movant.  The presentation of this motion as a motion to compel, which would have placed the burden on Defendant, or as motion for protective order, which would have placed the burden on Plaintiffs, would not have changed the outcome.

Defendants should take the depositions by video conference.  Defendant Cessna argues that Plaintiffs chose this forum, and should be required to appear here. Defendant objects to shifting the cost of travel to the defense, and expresses concern about using video conferencing for the depositions in light of the importance of the depositions and the need for lengthy depositions with numerous exhibits and the need for translators.  Defendant Cessna has offered to hold the depositions in a U.S. city outside this District with non-stop airline service to and from Santiago, such as Dallas, Texas.

As a general rule, a plaintiff must make himself available for examination in the district in which he brought suit.  **Clayton v. Velociti, Inc**., 08-2298-CM-GLR, 2009 WL 1033738 (D. Kan. April 17, 2009).  "Since the plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."  **Stubbs v. McDonald's Corp.**, No. 04-2164-GTV-DJW, 2005 WL 375662, at *1 (D. Kan. Jan. 26 2005).  The rule is not followed if the plaintiff can show good cause for not being required to come to the district where the action is pending.  **Clayton v. Velociti**, *supra* (citing *Wright, Miller & Marcus* § 2112 at 77). The Court may make any order "justice requires" to protect a party from "undue burden or expense" (Fed. R. Civ. Proc. 26(c)), and may order the taking of a deposition by remote means (Fed. R. Civ. Proc. 30(b)(4)).  The issue here is whether the expenses incurred by Plaintiffs in traveling to this District is an

"undue" burden, which should be mitigated by either requiring Defendants to depose Plaintiffs by video conference, or by requiring defense counsel and Defendants' representatives to travel to Chile for Plaintiffs' depositions. The Court finds in this case that while there is a substantial burden to Plaintiffs, that burden is not "undue."

The issue here is financial. Plaintiffs seek substantial damages in this case and elected to proceed in this District. Predictable costs attended that election. The Court is doubtful that these critical depositions, which are central to the case, can be effectively and efficiently taken by video conference in light of the probable length of the depositions, the need for exhibits, and the burden of deposing Plaintiffs' through a translator. Although the quality of video conferencing continues to improve, Plaintiffs have presented no specific evidence concerning available technology to alleviate those doubts. The option of having the depositions taken in Chile is a proposal to shift the cost of travel to Defendants, which is not justified.[2]

Therefore, Defendant's motion (Doc. 25) is **GRANTED** and Plaintiffs are directed to appear in this District for their depositions.

---

[2] Plaintiffs have not offered to pay the travel cost for defense counsel and defense representatives, or any increased attorneys' fees implied by such a trip.

**IT IS SO ORDERED**.

Dated this 28th day of March, 2012.

                                                            S/ KENNETH G. GALE  
                                                            Kenneth G. Gale  
                                                            U.S. Magistrate Judge